```
        IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Criminal Case No. DKC 05-0538<br>  Civil Action No. DKC 16-2072 |
| RANDY SEAN HARRIS | : |

**MEMORANDUM OPINION**

On July 10, 2007, Randy Sean Harris ("Mr. Harris" or "Petitioner") was charged in a three-count Criminal Information with two counts of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Counts One and Three), and one count of using, carrying and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two). (ECF No. 29). On July 11, 2007, Mr. Harris pled guilty to all three counts. (ECF No. 45-3). The § 924(c) charge in Count Two was predicated on attempted Hobbs Act robbery, as charged in Count One. (ECF No. 29, at 2). Mr. Harris was sentenced to a total of 264 months of imprisonment: 180 months' imprisonment as to Counts One and Three, to run concurrently, and 84 months' imprisonment as to Count Two, to run consecutively.

Mr. Harris, through the Office of the Federal Public Defender, filed the pending motion to vacate conviction on June 13, 2016. (ECF No. 39). Mr. Harris seeks vacatur of his § 924(c)

conviction.  Pursuant to 18 U.S.C. § 924(c), an additional term of incarceration may be imposed upon "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." The "crime of violence" underlying Mr. Harris' § 924(c) charge was attempted Hobbes Act robbery.  (ECF No. 29, at 2).  Mr. Harris correctly argues in his motion, (ECF No. 39), and supplements (ECF Nos. 41, 42, 45[1]), that this offense no longer qualifies as a crime of violence in light of the recent opinion of the United States Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019), and the recent opinion of the United States Court of Appeals for the Fourth Circuit in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020).  The Fourth Circuit held squarely in *Taylor* that attempted Hobbs Act robbery is no longer a "crime of violence" under 18 U.S.C. § 924(c).  As the government acknowledges,[2] *Taylor* is controlling precedent for this court.  Accordingly, Mr. Harris is entitled to have his § 924(c) conviction vacated.

---

[1] This supplement was also filed with a motion for leave to supplement, which will be granted.

[2] Despite acknowledging that *Taylor* is controlling precedent, the government nonetheless opposes granting relief in this case because it does not concede that *Taylor* was decided correctly and asserts that it is likely the Solicitor General's Office will petition for writ of certiorari challenging the decision.  (ECF No. 58, at 3, 7.)

Ordinarily, the vacating of this conviction would prompt a resentencing on the remaining two counts. During the pendency of Petitioner's motion to vacate, however, he also moved for, and was granted, compassionate release pursuant to 18 U.S.C. § 3582. (ECF Nos. 48 & 52). On February 11, 2021, his sentence was reduced to time-served, but the order was stayed until actual release. He was released from custody on February 18, 2021. Petitioner's previously imposed conditions of supervised release remain unchanged. (ECF No. 61). Thus, the question arises as to the appropriate scope of any resentencing or amended judgment.

Thus, while the Motion to Vacate (ECF No. 39) and Motion to Supplement (ECF No. 45) will be granted, the parties will be directed to file supplemental memoranda addressing Petitioner's requested relief in light of the court's previous order granting compassionate release.

                                                            /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge